THE STATE EX REL. VAN RYN, Respondent, vs. HORAN, Appellant.

*April 12 — May 2, 1893.*

*Elections: Ballots deposited in wrong box: Evidence.*

1. Ballots deposited in the wrong box by fault of the inspectors of election should nevertheless be counted.
2. It being proved that a package of ballots had been tampered with after the election, it became of no value as evidence.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to try the title to the office of alderman for the Fourth ward of the city of Milwaukee. At the municipal election held April 5, 1892, the parties were opposing candidates. A judicial election for a justice of this court was held at the same time and place, the votes being placed in a separate box, as by law required. There were five election precincts in the ward. The returns of the inspectors of the various precincts showed that *Horan* received 1,127 votes, and *Van Ryn* 1,124 votes in the ward, and *Horan* accordingly received the certificate of election and is now holding the office. The dispute on the trial was concerning the vote of the first election precinct. According to the return of the inspectors *Van Ryn* received in this precinct 131 votes, and *Horan* 189 votes. The fact was abundantly proven, however, and found by the court, that in this precinct, upon counting of the votes at the close of the poll, twelve judicial ballots were found in the municipal box, and twelve municipal ballots were found in the judicial box, eleven of which municipal ballots contained the name of *Van Ryn*, and one the name of *Horan*. These last-named ballots were none of them counted by the inspectors, but were marked "Disallowed." If counted, the relator had a majority. The ballots, it seems, had been preserved,

and the respondent introduced them in evidence upon the trial, and a recount of all the precincts was had by witnesses in open court. The changes on this recount were a net gain of two votes for *Horan* in the second, third, fourth, and fifth precincts. In the first precinct the recount showed a gain for *Horan* of four votes and a loss for *Van Ryn* of three votes, and the package contained an excess of votes above the poll list of at least four votes. If the gains so shown for *Horan* were allowed, he would be elected, whether the judicial votes were counted or not. A jury being present upon the trial, and it being claimed that this package had been tampered with since the election, the question was submitted to the jury whether said package had been tampered with since it was sealed by the inspectors, and the jury found in the affirmative. The court found that the municipal votes found in the judicial box should be counted, and, in accordance with the verdict of the jury, that the package of ballots of the first precinct had been tampered with, and accordingly found that *Horan* had received 1,131 votes, and *Van Ryn* 1,137 votes and was elected, and rendered judgment for the relator, from which defendant appealed.

*D. S. Rose* and *F. M. Hoyt*, for the appellant.

For the respondent there was a brief by *Toohey, Doerfler & Gilmore*, attorneys, and *W. C. Williams*, of counsel, and oral argument by *John Toohey* and *Mr. Williams*.

WINSLOW, J. There is but one serious question in this case, and that is whether the municipal ballots found in the judicial box should be counted. The circuit court found, as the evidence abundantly showed, that these were ballots duly cast, but deposited by mistake, inadvertence, or otherwise, by the inspectors, in the judicial box. The question is, Shall the voters be deprived of their ballots by the mistake or fraud of the inspectors in so putting their ballots

in the wrong box? This question must be answered in the negative. Judge McCrary well states the rule as follows: "It is a rule, well grounded in justice and reason and well established by authority and precedent, that the voter shall not be deprived of his rights as an elector, either by fraud or the mistake of the election officers, if it is possible to prevent it." Am. Law Elec. § 131. The authorities also support this position. *Parvin v. Wimberg*, 130 Ind. 561; *People ex rel. Hayes v. Bates*, 11 Mich. 362. In this case it appeared that the number of judicial votes found in the municipal box was exactly the same as the number of municipal votes found in the judicial box, and that, if the judicial votes in the municipal box were added to the municipal votes found therein, the total number of votes substantially agreed with the poll list. The fact that they were legal votes put in the wrong box by fault of the inspectors was thus clearly demonstrated.

There was sufficient evidence also to sustain the verdict and finding that the package of ballots from the first precinct had been tampered with. This fact being proven, it became of no value as evidence. Am. Law. Elec. §§ 277, 278; *Albert v. Twohig*, 35 Neb. 563. No other questions requiring discussion are presented by the record. Under the proof and findings the relator was clearly entitled to judgment.

*By the Court.*— Judgment affirmed.